UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

UNITED STATES

v.

RICHARD MORALES

No. 3:94-cr-112 (SRU)

## RULING ON MOTION FOR COMPASSIONATE RELEASE

Richard Morales, currently incarcerated in USP Lewisburg, filed the instant motion for compassionate release. Morales principally argues that the COVID-19 pandemic, coupled with his severe obesity, type 2 diabetes, and hypertension, constitute "extraordinary and compelling reasons" warranting a reduction of his sentence to time served under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). *See* Mem. in Support of Mot. for Release, Doc. No. 2242.

The government opposes the motion on the grounds that (1) the Bureau of Prisons ("BOP") is effectively managing the pandemic within its prisons and is capable of providing adequate medical treatment should Morales contract COVID-19; (2) Morales's reentry plan is undeveloped; and (3) the 18 U.S.C. § 3553(a) factors counsel against release. *See* Opp. to Mot. to Release, Doc. No. 2245.

I agree with the government. For the reasons that follow, Morales's motion for release is **denied**.

### I.     Background

On September 29, 1995, following a jury trial that spanned nearly two months, Morales was found guilty of the following offenses:

- **Count 1**: RICO, in violation of 18 U.S.C. § 1961

- o *Racketeering Act 1*: Conspiracy to possess with intent to distribute and to distribute heroin, marihuana, cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846;
- o *Racketeering Act 9-a*: Conspiracy to Murder Alex Aponte, in violation of Conn. Gen. Stat. §§ 53a-48 & 53a-54a;
- o *Racketeering Act 9-b*: Murder of Alex Aponte, in violation of Conn. Gen. Stat. §§ 53a-8 & 53a-54a;
- o *Racketeering Act 11*: Conspiracy to Murder Victor Mojica, in violation of Conn. Gen. Stat. §§ 53a-48 & 53a-54a;
- o *Racketeering Act 14-a*: Conspiracy to Murder Arosmo Diaz, in violation of Conn. Gen. Stat. §§ 53a-48 & 53a-54a;
- o *Racketeering Act 14-b*: Murder of Arosmo Diaz, in violation of Conn. Gen. Stat. §§ 53a-8 & 53a-54a*;*
- o *Racketeering Act 15*: Murder of Tyler White, in violation of Conn. Gen. Stat. §§ 53a-8 & 53a-54a;

- **Count 2**: RICO Conspiracy, in violation of 18 U.S.C. § 1962(c);

- **Count 12**: Conspiracy to Murder Alex Aponte, in violation of 18 U.S.C. § 1959(a)(5);

- **Count 13**: Murder of Alex Aponte, in violation of 18 U.S.C. § 1959(a)(1);

- **Count 19**: Conspiracy to Murder Victor Mojica, in violation of 18 U.S.C. § 1959(a)(5);

- **Count 22**: Conspiracy to Assault "Green Eyed Tito", in violation of 18 U.S.C. § 1959(a)(6);

- **Count 23**: Conspiracy to Assault Victor Fontanez, in violation of 18 U.S.C. § 1959(a)(6);

- **Count 24**: Conspiracy to Murder Arosmo Diaz, in violation of 18 U.S.C. § 1959(a)(5);

- **Count 25**: Murder of Arosmo Diaz, in violation of 18 U.S.C. § 1959(a)(1) and 2;

- **Count 26**: Murder of Tyler White, in violation of 18 U.S.C. § 1959(a)(1) and 2;

- **Count 27**: Conspiracy to possess with intent to distribute and to distribute heroin, marihuana, cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846;

- **Count 28**: Possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A).

Second Superseding Indictment, Doc. No. 625; Verdict Form, Doc. No. 945.

On January 29, 1996, Judge Nevas sentenced Morales to life imprisonment on Counts 1, 2, 13, 25, 26, and 27; 10 years' imprisonment on counts 12, 19, 24 and 28; and 3 years' imprisonment on Counts 22 and 23, all to run concurrently. Judgment, Doc. No. 1070, at 2.

On May 5, 2020, Morales, through counsel, submitted a letter to the Warden of USP Lewisburg and BOP Regional Counsel, requesting that the BOP file a motion for compassionate release on his behalf. *See* Ex. B to Mem. in Support of Mot. for Release, Doc. No. 224-2. His request was denied on May 13, 2020. *See* Ex. C to Mem. in Support of Mot. for Release, Doc. No. 2242-3.

On July 17, 2020, Morales filed a motion for compassionate release under the First Step Act in this court. *See* Mot. for Release, Doc. No. 2242. The government opposed the motion on July 27, 2020. *See* Opp. to Mot. for Release, Doc. No. 2245.

**II.     Discussion**

As amended by the First Step Act, 18 U.S.C. § 3582 authorizes sentencing courts to reduce a term of imprisonment if, after considering the applicable factors set forth in section 3553(a), it concludes that "extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

A court may make such a modification only "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*. § 3852(c)(1)(A). The government does not

3

dispute that Morales has exhausted his administrative remedies. *See* Opp. to Mot. for Release, Doc. No. 2245, at 7 ("[A]fter reviewing the defendant's request to BOP for release to home confinement dated May 5, 2020, and the BOP's disposition of that request on May 13, 2020, the Government acknowledges that defendant has satisfied the exhaustion requirement.").

The applicable policy statement for compassionate release is found in U.S. Sentencing Guidelines (U.S.S.G.) § 1B1.13 and Commentary. *United States v. Gileno*, 2020 WL 1307108, at *2 (D. Conn. Mar. 19, 2020). That section instructs, in relevant part, that a court may reduce a term of imprisonment if the court determines that:

(1) "[e]xtraordinary and compelling reasons warrant the reduction;"

(2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and

(3) "[t]he reduction is consistent with this policy statement."

U.S.S.G. § 1B1.13.

Significantly, the defendant bears the burden of proving that he or she is entitled to a sentence reduction. *United States v. Morales*, 2020 WL 2097630, at *2 (D. Conn. May 1, 2020) (internal citations omitted).

Since the outbreak of the COVID-19 pandemic, courts within this circuit and across the country have concluded that "extraordinary and compelling circumstances" exist when an incarcerated defendant suffers from health conditions that make him particularly susceptible to serious complications should he contract COVID-19. *See, e.g.*, *United States v. Colvin*, 2020 WL 1613943, *4 (D. Conn. Apr. 2, 2020) (holding that extraordinary and compelling reasons justified immediate release under section 3582(c)(1)(A) because the defendant suffered from "diabetes, a serious medical condition[] which substantially increases her risk of severe illness if she contracts COVID-19") (internal quotation marks, citations, and alteration omitted).

4

In this case, Morales's medical records demonstrate that he suffers from, *inter alia*, severe obesity (with a BMI above 40) and Type 2 diabetes.  *See, e.g*., Ex. A to Mem. in Support of Mot. for Release, Doc. No. 242, at 6, 14, 23, 83, 394, 399, 404, 413, 450.  Because the CDC recognizes obesity with a BMI of 30 or higher and Type 2 diabetes as comorbidities that elevate the likelihood of serious illness from COVID-19, I agree that Morales has sufficiently demonstrated extraordinary and compelling circumstances. CENTERS FOR DISEASE CONTROL AND PREVENTION, *Groups at Higher Risk for Severe Illness*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last visited July 30, 2020).

His underlying medical conditions, however, are not the only factors that I must consider in assessing whether to grant Morales compassionate release.  I must also consider the factors set forth in 18 U.S.C. § 3553(a), and those factors weigh strongly against a reduced sentence.  As I noted in my order denying his motion for resentencing under Section 404 of the First Step Act, Morales committed the most serious kind of crime—murder.  He took the lives of not just one individual, but three.  Each murder was carried out in a particularly brutal manner, and Morales, a then-senior member of the Latin Kings, was far more than a mere accessory to their execution.  Indeed, Morales's leadership role in the murders led Judge Nevas to impose a two-level enhancement for each of the three murders.  *See* PSR, Doc. No. 2182-4, at ¶¶ 114, 138, 114; PSR Supp., Doc. No. 2182, at 2–3.

To be sure, Morales's rehabilitation over the past 25 years is nothing short of admirable, and I recognize that Morales's criminal behavior was very likely shaped by his difficult upbringing, which was marked by physical abuse at the hands of family members.  The need to reflect the seriousness of the crimes, to afford adequate deterrence, and to protect the public,

however, all still weigh against a reduced sentence. Although I commend Morales for his many accomplishments in prison, the fact remains that he was sentenced to six life sentences. Reducing those sentences to a sentence of thirty years would not, in my view, comport with the sentencing goals.

In addition, Morales has failed to demonstrate that USP Lewisburg is incapable of managing the COVID-19 pandemic or of providing proper care should he contract the virus, which further underscores that release is not warranted here. *See United States v. Gagne*, 2020 WL 1640152, at *5 (D. Conn. Apr. 2, 2020) (denying compassionate release in part because the defendant failed to show that the BOP's response to confirmed COVID-19 cases at his facility had been "inadequate from a medical standpoint"); *United States v. Gamble*, 2020 WL 1955338, at *5 (D. Conn. Apr. 23, 2020) (denying compassionate release in part because the prisoner had "not shown that the BOP cannot adequately manage the pandemic or treat [him]").

Federal prisons are operating under modified procedures to mitigate the spread of COVID-19. *See* FEDERAL BUREAU OF PRISONS, *BOP Implementing Modified Operations,* https://www.bop.gov/coronavirus/covid19_status.jsp (last visited July 30, 2020). Under those rules, "[s]ocial visits are suspended," "[a]ll newly-arriving BOP inmates are processed through quarantine or jail/detention sites and screened for COVID-19 exposure risk factors and symptoms," "[a]symptomatic inmates with exposure risk factors are quarantined," and "[s]ymptomatic inmates with exposure risk factors will be isolated and tested for COVID-19 per local health authority protocols." *Id*. The movement of prisoners is also restricted, and enhanced health screening of staff, such as self-reporting and temperature checks, is being performed at all BOP locations. *Id*.

Although Morales notes in a supplemental filing that USP Lewisburg recently reported 35 positive COVID-19 cases among prisoners, the mere existence of COVID-19 cases does not reflect that BOP is incapable of managing the pandemic within its facilities or otherwise entitle Morales to relief. *United States v. Adams*, 2020 WL 3026458, at *3 (D. Conn. June 4, 2020) (denying motion for release to prisoner incarcerated in facility with 50 confirmed COVID-19 cases among prisoners). Moreover, the mere likelihood of contracting COVID-19 does not warrant release on its own. *United States v. Adams*, 2020 WL 3026458, at *3 (D. Conn. June 4, 2020) ("The simple risk of the coronavirus pandemic in an institutional environment is not an extraordinary or compelling reason warranting release.").

For all the foregoing reasons, I conclude that the section 3553(a) factors preclude me from granting the relief Morales seeks under section 3582(c)(1)(A). *See United States v. Morales*, 2020 WL 2097630, at *3–*4 (D. Conn. May 1, 2020) (denying compassionate release to a defendant with asthma because "the defendant continue[d] to pose a real danger to the community" and a sentence of time served would not "achieve the goals of sentencing"); *United States v. Miranda*, 2020 WL 2124604, at *4–*5 (D. Conn. May 5, 2020) (denying compassionate release to a defendant with diabetes because of the defendant's "history of threatened violence and the quantity of drugs involved").

### III. Conclusion

Morales's motion for compassionate release under the First Step Act (doc. no. 2242) is **denied**.

IT IS SO ORDERED.

Dated at Bridgeport, Connecticut, this 20th day of August 2020.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge