UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES<br><br>v.<br><br>RICHARD MORALES | No. 3:94-cr-112 (SRU) |

### ORDER DENYING MOTION FOR RECONSIDERATION

Presently before me is Richard Morales's motion for reconsideration of my ruling denying his motion for resentencing under Section 404 of the First Step Act (doc. no. 2254). As I discuss in more detail below, Morales has failed to point to any changes in controlling law, assert the availability of new evidence, or identify a need to correct a clear error or prevent manifest injustice. The motion is therefore **denied**.

### I. Standard of Review

The standard for granting a motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Barnett v. Connecticut Light & Power Co.*, 967 F. Supp. 2d 593, 596 (D. Conn. 2013), *aff'd,* 580 F. App'x 30 (2d Cir. 2014) (cleaned up). A motion for reconsideration should not be granted "where the moving party seeks solely to relitigate an issue already decided." *Id*. (cleaned up).

### II. Discussion

In his motion, Morales argues that, "[a]lthough the Court's Ruling focused on the propriety of resentencing Mr. Morales to a sentence of time served, Mr. Morales's motion

chiefly asked the Court 'to schedule a resentencing hearing' in order 'to provide the Court with information necessary to determine the appropriate sentence' pursuant to Section 404 of the First Step Act of 2018." *See* Mot., Doc. No. 2257, at 3.  He further argues that reconsideration is warranted because my decision did not address whether a sentence greater than time served but less than life imprisonment would be sufficient to meet the goals of sentencing.  *See id.* at 3.

Morales mischaracterizes my ruling.  Although I stated at one point that "[r]educing [Morales's] sentences to a time-served sentence of thirty years would not, in my view, comport with the statutory goals of sentencing," the bulk of my opinion makes clear that I was declining to reduce his sentence to any extent.  *See, e.g.*, Doc. No. 2254, at 10 ("That leaves the question of whether and how I should exercise my discretion to reduce Morales's entire sentence."); *id*. at 11 ("After considering the entirety of the record, including post-sentencing factual developments, I conclude that the section 3553(a) factors counsel against a reduction of Morales's sentence."); *id*. at 12 ("The need to reflect the seriousness of the crimes, to afford adequate deterrence, and to protect the public, however, all still weigh against a reduced sentence."); *id*. at 12 ("For the foregoing reasons, I decline to reduce Morales's sentence.").

Moreover, although the ruling does not explicitly note that Morales requested a hearing, it does address whether a hearing should be held by stating that, "[h]aving decided not to reduce Morales's sentence, there is no need to hold a hearing." *Id*. at 12.  I then explained in a footnote why a hearing is not mandatory in light of the Second Circuit's recent decision in *Holloway*. *Id*. at 12 n.3.

For those reasons, Morales has failed to point to "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice" to justify reconsideration.  The motion for reconsideration (doc. no. 2257) is denied.

IT IS SO ORDERED.

Dated at Bridgeport, Connecticut, this 3rd day of August 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge